IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-41,274-02 & WR-41,274-04




 

EX PARTE ANTHONY SHAWN MEDINA






ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. 726088 IN THE 228TH JUDICIAL DISTRICT COURT


HARRIS COUNTY





 Per Curiam. 

 

O R D E R



 This is a post-conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071.

 In August 1996, Applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted under Article 37.071 of the Texas Code of Criminal
Procedure, and the trial court, accordingly, set punishment at death. This Court affirmed
Applicant's conviction and sentence on direct appeal. Medina v. State, 7 S.W.3d 633 (Tex.
Crim. App. 1999). This Court dismissed Applicant's initial post-conviction application for
writ of habeas corpus because it was untimely filed. Ex parte Medina, WR-41,274-01 (Tex.
Crim. App. April 28, 1999). This Court dismissed Applicant's third post-conviction
application for writ of habeas corpus as an abuse of the writ. Ex parte Medina, WR-41,274-03 (Tex. Crim. App. November 23, 2005). Applicant's instant post-conviction application
for writ of habeas corpus was received in this Court on June 17, 2009.

 Applicant presents fourteen allegations in his application in which he challenges the
validity of his conviction and resulting sentence. The trial court did not hold an evidentiary
hearing. The trial court adopted the State's proposed findings of fact and conclusions of law
recommending that the relief sought be denied. 

 This Court has reviewed the record with respect to the allegations made by Applicant. 
We adopt the trial court's findings and conclusions. Based upon the trial court's findings and
conclusions and our own review, the relief sought is denied. 

 This Court has also reviewed a document entitled "Additional Claim for Relief by a
Person Sentenced to Death." Because this document was filed in the trial court after the
deadline provided for the filing of an initial application for habeas corpus, we find it to be
a subsequent application. See Art. 11.071. We further find that this subsequent application
fails to meet any of the exceptions provided for in Article 11.071, § 5. Therefore,
Applicant's subsequent application is dismissed as an abuse of the writ. 

 IT IS SO ORDERED THIS THE 16TH DAY OF SEPTEMBER, 2009.


Do Not Publish